588 A.2d 967

**Lori PAROBY**

v.

**Jeffrey GODEK, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 19, 1991.

Filed April 12, 1991.

Scott A. Herlands, Scranton, for appellant.

Paul Kelly, Scranton, for appellee.

Before HUDOCK, CERCONE and HESTER, JJ.

HESTER, Judge:

This is an appeal from an order directing appellant, Jeffrey Godek, to submit to the extraction of a second blood sample for the purpose of establishing paternity pursuant to the petition of appellee, Lori Paroby, regarding her son, Justin Paroby. We affirm.

The following facts are pertinent. On February 7, 1989, appellant appeared at Baltimore RH Typing Laboratory (hereinafter "Lab") to have his blood extracted pursuant to a court order. Although the medical technologist, Donna Bagalia, attempted to extract appellant's blood, appellant was so distraught and afraid of the needle that Ms. Bagalia was forced to abort the test, yielding an insufficient and inadequate amount of blood. The blood sample that Ms. Bagalia managed to obtain was analyzed by the Lab which issued the following report: "Because of insufficient viable white cells, a new sample must be obtained from the alleged father, Jeffrey Godeck, in order to complete HLA testing." Reproduced Record at 2a.

Thereafter, the Domestic Relations Section of the Lackawanna County Court of Common Pleas rescheduled appellant for retesting. In response, appellant filed a petition in that court requesting a hearing to determine whether retesting was warranted. A hearing was held on July 31, 1989. Following the hearing and the presentation of expert testimony, the Honorable Frank Eagen ordered that appellant present himself for retesting at a time and place

designated by the domestic relations section. It is from that order that this appeal lies.

Appellant's sole allegation of error is that appellee failed to demonstrate that the first human leukocyte antigen (HLA) test was defective. In support of his argument, appellant cites *Koleski v. Park,* 363 Pa.Super. 22, 525 A.2d 405 (1987), where we held: "We therefore limit the right to subsequent blood extraction to those situations in which the proponent of further testing shows by a preponderance of the evidence that the initial test was defective and a subsequent test is needed for an accurate determination of paternity." *Id.,* 363 Pa.Super. at 30, 525 A.2d at 408. Appellant argues that the testimony of the expert witness, Donna Bagalia, "graphically demonstrated that the first test was not defective. Rather, the test could not be performed because of the peculiar status of the white blood cell count of Godek's blood." Appellant's brief at 9. We disagree.

Ms. Bagalia testified that when appellant entered the room where his blood was to be extracted, he became visibly upset and frightened of the needle. Notes of Testimony (N.T.), 3/31/89, at 9. Due to appellant's agitated state, Ms. Bagalia requested that he lay down during the extraction, but appellant refused. *Id.* at 10. Ms. Bagalia further testified that performance of the HLA test requires three vials of blood: two containing ten cc's and one containing seven cc's. *Id.* at 19. While Ms. Bagalia was able to fill the vials partially, she did not obtain the full amount required, nor did she recall the exact amount obtained. *Id.* at 10, 20. She testified that appellant "appeared to be having a reaction" so she aborted the test in order to prevent appellant from fainting or falling. *Id.* at 10. Ms. Bagalia opined that the most likely reason for the inadequate white cell count was the minimal amount of blood withdrawn and that in cases such as this, a subsequent test provides an adequate amount of blood ninety percent of the time. *Id.* at 18, 19, 24–25.

We conclude, as did the trial court, that Bagalia's testimony established by a preponderance of the evidence that the

initial blood test was defective and that a subsequent test was required for an accurate determination of paternity. The trial court afforded appellant a hearing as required by *Koleski v. Park, supra.* As we stated in that case, "If the tests performed on the first blood sample are of minimal accuracy, a motion for further blood extraction should be readily granted." *Id.*, 363 Pa.Super. at 30, 525 A.2d at 409 (footnote omitted). It was appellant's own behavior that prevented extraction of the required amount of blood in a safe and acceptable manner. Thus, we find this decision to be supported by the evidence and find no error by the trial court.

Order affirmed.